**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 6, 2023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/13/23
```

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Jose Flores,*
18 Cr. 207 (ALC)

Honorable Judge Carter, Jr.:

Without objection from Mr. Flores's long-term Probation Officer[1] or his treating therapist, and pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1(c)(2)(B), I write to request that this Court terminate Mr. Flores's term of supervised release. Mr. Flores has completed over three-and-a-half years of his five-year term of supervised release. During this time, Mr. Flores has been in full compliance with the terms of his supervision and has managed his behavior even during the global, COVID-19 pandemic. Specifically, Mr. Flores has been attending Bronx Community College to further his education. He has maintained employment. He has attended individual weekly therapy and group therapy sessions as ordered by the Court. He has remained in contact with his probation officer as directed, submitted to monitoring of his computer and phone use, submitted to bi-annual polygraph tests, registered as a sex offender, and been, in all respects, law-abiding.

For the reasons set forth more fully below, without objection from his long-term Probation Officer or Mr. Flores's treating therapist, I ask the Court to terminate Mr. Flores's supervision pursuant to 18 U.S.C. § 3583(e).

---

[1] As detailed below, Mr. Flores's Probation Officer, Andrew Jingeleski, who supervised Mr. Flores for nearly two years, "takes no position" on Mr. Flores's application for early termination of supervised release, noting he has been in constant compliance with the terms of his supervision. Mr. Flores's current probation officer, who has supervised Mr. Flores for only one month, agrees Mr. Flores has been in compliance with the terms of his supervision but objects to early termination based solely on the type of offense Mr. Flores's was convicted of (*i.e.*, sex offense).

**The Court should terminate supervision at this time.**

18 U.S.C. § 3583(e) gives the Court authority to terminate supervision at any time after the expiration of one year, if such action is "warranted by the conduct of the defendant released and the interests of justice." And as described in the S.D.N.Y. Probation Office's Early Termination from Supervision Policy, "[§] 3583(e)(1) does not require 'exceptional conduct' to justify early termination. Instead, a court must simply be satisfied that the termination is warranted and is in the interest of justice." United States District Court for the Southern District of New York Probation Office, *Early Termination from Supervision* (Aug. 2018). Indeed, *Lussier*'s "examples of grounds that may warrant early termination—'changed circumstances' and 'exceptionally good behavior'—are not a limit on a district court's statutorily granted authority to terminate 'if it is satisfied that such action is [1] warranted by the conduct of the defendant released and [2] the interest of justice.'" *United States v. Trotter*, 321 F. Supp. 3d 337, 359–60 (E.D.N.Y. 2018).

Mr. Flores's conduct since the date of his arrest on January 18, 2018, more than five years ago, demonstrates that his offense was aberrational. No purpose would be served by further supervision. Not only is continued supervision unnecessary for Mr. Flores's rehabilitation, it is also an ineffective use of resources and burdensome as the various commitments Mr. Flores must attend pursuant to his supervision interfere with his ability to fully pursue his educational passions. Ultimately, the interests of justice warrant termination at this time.

Mr. Flores is currently enrolled at Bronx Community College where he is studying to become a Medical Lab Technician. Ex. A (Proof of Enrollment at Bronx Community College). Given his various commitments while under supervision, Mr. Flores is only able to attend school part time. Specifically, Mr. Flores devotes nine hours per week to attend classes and approximately six hours per week on his schoolwork. These hours increase with examinations and finals period. Mr. Flores is expected to graduate in Winter 2024 on a part-time schedule. In the upcoming school year, Mr. Flores hopes to be able to volunteer with a medical lab on campus—a position Mr. Flores will not be able to accept if he remains under supervision given the various time commitments he must dedicate to his Court ordered activities.

In addition to his courseload, Mr. Flores balances a variety of additional commitments. First, Mr. Flores is employed at Fine Fare Supermarket in Brooklyn, New York, where he works nearly full-time hours. *See* Ex. B (Proof of Employment). Specifically, Mr. Flores works approximately 38 hours per week. *Id*. In addition, as directed by the Court, he attends individual therapy sessions every week for approximately one hour each session, group therapy sessions three times per month for 1.5 hours each session, and monthly meetings with his Probation Officer.

I have spoken with Probation Officer Andrew Jingeleski who supervised Mr. Flores for nearly two years, from approximately September 2021 through May 2023.[2] Officer Jingeleski confirms that Mr. Flores has been in full compliance with the terms of his supervision. Officer Jingeleski reports that Mr. Flores has maintained employment, reports to probation regularly, attends treatment, and is in compliance with the monitoring of his computer and phone use. Further, Officer Jingeleski "takes no position" on Mr. Flores's request for early termination. Notably, Officer Jingeleski remarked how far Mr. Flores has come since being on supervision. As Officer Jingeleski recognized, Mr. Flores has been very forthcoming with any potential issue he may encounter while under supervision, eager to abide by the parameters of his supervision. For example, while under his supervision, Mr. Flores has reached out to Officer Jingeleski for concerns ranging from asking for permission to help his immigrant parents set up a cell phone to asking for permission to walk on a track across from Mr. Flores's home for exercise. Ultimately, Officer Jingeleski acknowledged that Mr. Flores has remained committed to following the rules.

Mr. Flores's current Probation Officer, John Flanigan, likewise confirms that Jose has been in constant compliance with the terms of his supervised release.

Mr. Flores also maintains the full support of his parents who have each recognized his transformation since his arrest in 2018. Specifically, Mr. Flores's mother, Prisca Hernandez, notes how Mr. Flores is much more "open" with her and her husband now which has resulted in him talking to them more about his feelings, which is critical in ensuring Mr. Flores does not bottle up his emotions and return down a bad path. *See* Ex. C (Prisca Hernandez Letter of Support). His parents have also witnessed, firsthand, Mr. Flores's "grow[th]" and "matur[ity]" since being sentenced and his steadfast dedication to his educational pursuits, which has given him a newfound purpose in life. *Id.*; *see also* Ex. D (Juan Flores Letter of Support).

Studies on the effects of early termination show that "shortening supervision terms for compliant offenders does not negatively affect public safety." *See* Ex. E. The resources of the probation department would be better spent on an individual who needs supervision and can benefit from the services offered by a probation officer.

---

[2] Officer Jingeleski is retiring, which is why he is no longer Mr. Flores's probation officer.

**Conclusion**

      Mr. Flores has demonstrated convincingly that his conduct and the interests of justice warrant early termination of supervision. For all the reasons set forth above, and in particular in light of probation's lack of objection to this request, I ask the Court to terminate supervision pursuant to 18 U.S.C. § 3853(e).

      Thank you for the Court's consideration of this request.

                                           Respectfully submitted,

                                           /s/
                                         Jennifer Brown
                                         Jillian Tancil
                                         Assistant Federal Defenders
                                         Tel.: (212) 417-8700

cc:    Kyle A. Wirshba, AUSA

The application is **GRANTED**.
So Ordered.

*/s/ Andrew L. Carter*  11/13/23